# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KLINT KUCK,

               Petitioner,    :    Case No. 3:18-cv-157

   - vs -                       District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution

                               :

               Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner's Objections (ECF No. 23) to the Magistrate Judge's Report and Recommendations recommending dismissal (ECF No. 22). District Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 24).

**First Objection: Incorrect Finding of Procedural Default**

Petitioner first objects that the Magistrate Judge mistakenly found that subclaim six of the Second Ground for Relief was procedurally defaulted (Objections, ECF No. 23, PageID 2265). In that particular subclaim, Kuck asserted he received ineffective assistance of trial counsel when his trial attorney failed to object to a number of instances of asserted prosecutorial misconduct. The Report noted, "So far as the Court can determine, Kuck did not raise this subclaim on either direct

appeal or appeal from denial of his petition for post-conviction relief. It is therefore subject to analysis as procedurally defaulted." (ECF No. 22, PageID 2253.) The Report recommended dismissing this subclaim as procedurally defaulted. *Id.* at PageID 2254.

Petitioner now calls the Magistrate Judge's attention to his Amended Brief on direct appeal which presented the following issue: "Does trial counsel provide ineffective assistance when he fails to object to hearsay, improper loaded questions, questions prohibited by the Rape Shield Statute, and inadmissible, prejudicial character evidence regarding both the "bad character" of the defendant and the "good character" of the alleged victims?" (Amended Brief, State Court Record, ECF No. 13, PageID 373.) This issue was dealt with expressly by the Second District Court of Appeals in its decision of December 29, 2016, reported at *State v. Kuck,* 79 N.E.3d 1164, 2016-Ohio-8512 (Ohio Ct. App. 2nd Dist. 2016). That court wrote:

> [*P87] Lastly, Kuck argues that trial counsel was ineffective for not objecting to hearsay, to improper leading questions, to questions prohibited by the rape-shield statute, and to character evidence regarding both Kuck's bad character and the victims' good character. We considered the underlying legal propositions in our review of the fourth assignment of error. Once again, Kuck recasts propositions of law as ineffective assistance. We rejected the underlying propositions on their merits, so we reject Kuck's ineffective assistance claim here.

*Id.* at 1189, ¶ 87. Petitioner preserved this claim for merits review in habeas by presenting to the Ohio Supreme Court as his Seventh Proposition of Law in his Second Memorandum in Support of Jurisdiction as follows:

> PROPOSITION OF LAW NO. 7: It is ineffective assistance of counsel for criminal trial counsel to repeatedly fail to object to improper jury instructions, to repeatedly fail to object to improper questioning by the prosecutor, to fail to call a favorable eye witness, to fail to prepare to cross examine complaining witnesses with their

> own previous statements, and to fail to object to improper character evidence, entitling the defendant to a new trial.

(State Court Record, ECF No. 13, PageID 642-43.)

Therefore, the Objection to the Magistrate Judge's procedural default finding on this subclaim is well taken and that portion of the Report is WITHDRAWN.

The question then is whether the Second District's decision on the merits is contrary to or an objectively unreasonable application of clearly established Supreme Court law. The relevant standard is provided by *Strickland v. Washington,* 466 U.S. 668 (1984), quoted in the Report. (ECF No. 22, PageID 2239-40.) The Second District concluded it was not ineffective assistance of trial counsel to fail to object to the various asserted instances of prosecutorial misconduct because the objections would have been without merit. In the Petition, Kuck raised his claims of prosecutorial misconduct in Ground Three. (ECF No. 1, PageID 27.) The Report recommended that Ground Three be dismissed with prejudice (ECF No. 22, PageID 2256). Petitioner has not objected to that conclusion. As the Second District held, if the underlying conduct did not constitute misconduct by the prosecutor, it cannot have been ineffective assistance of trial counsel to fail to object to it. Therefore, this particular subclaim of ineffective assistance of trial counsel should be dismissed on the merits, rather than as procedurally defaulted.

**Second Objection: Denial of Certificate of Appealability on Ground One**

In his First Ground for Relief, Kuck claims he was denied a fair trial because he was required to use a peremptory challenge to remove a juror who had said she doubted her ability to be fair in this rape case because her son had been raped as a young man. The Second District

3

denied the claim and the Report found that decision was not an "unreasonable application of the holdings in Supreme Court precedent," (ECF No. 22, PageID 2237-39, principally relying on *Ross v. Oklahoma,* 487 U.S. 81 (1988)).

The Report noted that this Court might reach the opposite conclusion if it were deciding Kuck's peremptory challenge *de novo*. *Id.* at PageID 2238. Petitioner argues that by denying a certificate of appealability, "this issue will never come before any Court which does have that authority if cases like this one are prevented from being appealed." (Objections, ECF No. 23, PageID 2267.)

In many ways the Supreme Court and Congress have limited the ability of the courts to create new law in habeas corpus cases. One of those is by requiring a certificate of appealability. But the law on that subject does not permit a trial judge to allow an appeal just because it would be good to have an appellate pronouncement on a particular question of constitutional law. Rather, the test is whether reasonable jurists disagree, not on what the law ought to be, but on what the Supreme Court has said the law is. If there were reasoned opinions from other judges stating that it is unconstitutional, under current precedent, to require a defendant to use a peremptory challenge to remove a juror who should have been removed for cause, then presumably Petitioner would have cited such decisions. But he has not. In the absence of proof that other judges have taken a different position on what the Constitution requires in these circumstances, this Court is not empowered to issue a certificate of appealability. Petitioner can, of course, apply for a certificate from the Sixth Circuit which may have a different view of the matter.

**Conclusion**

Having reviewed the case in light of the Objections, the Magistrate Judge again recommends the Petition be dismissed with prejudice, and that Petitioner be denied a certificate of appealability. The Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 24, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).